UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| HOUSTON CASUALTY COMPANY, | Civil Case No.: 18-9574 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT WITH JURY DEMAND** |
| v. | |
| PROSIGHT SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

-------------------------------------------------------------------x

Plaintiff HOUSTON CASUALTY COMPANY ("HCC"), by and through its attorneys, LONDON FISCHER LLP, alleges the following as its Complaint for Declaratory Judgment against defendant PROSIGHT SPECIALTY INSURANCE COMPANY ("PROSIGHT"):

## NATURE OF ACTION

1.      This is an action for contribution and declaratory relief arising from breach of ProSight's obligations under a general liability policy insuring Nouveau Elevator Industries, Inc. (the "ProSight Policy"), a provider of elevator maintenance, repair, modernization and installation services.

2.      HCC issued general liability policy H12PC30131-00 to E-J Electrical Installation Company (the "HCC Policy"). E-J Electrical Installation Company ("E-J") entered into a written agreement with New York University Hospitals Center ("NYUHC") to perform electrical work at an NYU Langone Medical Center construction project on 34th Street and 1st Avenue in Manhattan (the "Project"). NYUHC also entered into written agreements with Nouveau Elevator Industries Inc. ("Nouveau") to provide, *inter alia*, elevator maintenance services at the Project.

3.      HCC is providing a defense to the owner of the Project, New York University Hospitals Center ("NYUHC"), and the General Contractor, Turner Construction Company

("Turner"), for consolidated lawsuits alleging bodily injury arising from a misleveled elevator maintained, serviced, modernized and/or installed by Nouveau.

4.      In violation of the ProSight Policy, ProSight has failed to defend and indemnify NYUHC in the consolidated lawsuits.

5.      HCC seeks contribution for defense costs incurred by HCC on behalf of NYUHC in the consolidated lawsuits and a declaration as to the existence and scope of ProSight's obligations to defend and indemnify NYUHC.

## THE PARTIES

6.      HCC is an insurance company organized in the State of Texas with its principal place of business in Texas.

7.      Upon information and belief, ProSight is an insurance company organized in the state of New Jersey with a principal place of business located at 412 Mount Kemble Ave., Suite 300C, Morristown, New Jersey 07960.  ProSight is authorized to sell or write insurance in New York and, at all material times, has conducted and continues to conduct substantial insurance business in New York.

## JURISDICTION AND VENUE

8.      Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

9.      Personal jurisdiction over ProSight is proper as it conducts business in the State of New York.

{N1349552.2 }

10.     Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

### The Underlying Personal Injury Lawsuit

11.     HCC seeks contribution and a declaration of ProSight's coverage obligation with respect to two lawsuits *Tyrone Jadusingh and Sheila Jadusingh v. NYU Langone Medical Center,* and *Tyrone Jadusingh and Sheila Jadusingh v. Nouveau Elevator Industries Inc., New York University Hospitals Center, and Turner Construction Company,* which were consolidated for trial and discovery, and are currently pending in New York State Supreme Court, New York County, under Index No. 158284/2014 (together, the "Jadusingh Action").

12.     Jadusingh commenced each Jadusingh Action by the filing of a summons and complaint. Copies of each Summons and Complaint, together with the order of consolidation, are annexed as **Exhibit "A**."

13.     Jadusingh alleges in the Jadusingh Action that he sustained injuries on October 2, 2013 during the course of his employment with non-party E-J Electrical while pushing a transformer into an elevator at the premises located at the Project. *See* **Exhibit "A,"** ¶¶15-20.

14.     In his complaint, Jadusingh claims his injuries were caused by the negligence of Nouveau in the ownership, operation, control, maintenance, and/or repair of the subject elevator. *See* **Exhibit "A,"** ¶¶ 24-25.

15.     As alleged in the Complaint, at the time of the accident, Jadusingh was an employee of HCC's named insured, E-J Electrical. *See* **Exhibit "A,"** ¶¶ 15-17.

16.     The elevator described in the Jadusingh Action and which allegedly caused Jadusingh's accident was repaired, maintained, serviced and/or installed by Nouveau pursuant to

{N1349552.2 }

a written agreement between NYUHC and Nouveau executed prior to the circumstances alleged in the Jadusingh Action.

17.     Pursuant to the written agreement executed prior to the circumstances alleged in the Jadusigh Action, Nouveau was obligated to purchase general liability insurance providing coverage to NYUHC on a primary and non-contributory basis.

**The NYUHC-Nouveau Elevator Maintenance & Repair Contract**

18.     On or about April 1, 2011, prior to the circumstances alleged in the Jadusingh Action, NYUHC and Nouveau entered into a "Comprehensive Elevator Maintenance and Repair Contract" that indluded elevators at the Project. A copy of the Contract is annexed hereto as **Exhibit "B."**

19.     Through and including October 2, 2013, the date of Jadusingh's alleged accident, Nouveau was under a contract with NYUHC to perform elevator maintenance work at the Project pursuant to the Contract's terms and conditions.

20.     The Contract was in effect at all times relevant to the Jadusingh Action.

21.     Section 25.00, Insurance Requirements, of the Contract reads in relevant part:

> A.     The Contractor [Nouveau] shall procure and maintain at all times during the performance of this Contract, for the Contractor's benefit and the benefit of NYU Hospitals Center, New Yok University and New York University Medical Center Condominium and such other persons as Owner [NYU Hospitals Center] may designate, insurance in accordance with the following provisions. The Contractor shall not commence work under this Contract before obtaining all the insurance required below:

> B.     Commercial General Liability: $4,000,000 per occurrence/ $8,000,000 in the aggregate

> K.     Each insurance policy cited above… shall be endorsed as follows:

1. With respect to Commercial General Liability and Automobile Liability Insurance only, to include the Owner, New York University, and New York University Medical Center Condominium and such other persons as the Owner may designate as an additional insured …

4. To provide that the coverage provided by such insurance policy **shall be considered primary to any other similar insurance coverage carried by or for the benefit of the Owner** and the other additional insureds.

*See* Exhibit B, pp. 13-14 [emphasis added].

22.    The Contract also contained an indemnification provision, which reads in relevant part as follows:

To the fullest extent permitted by law, the Contractor **shall indemnify and save harmless the Owner**, NYU Hospitals Center, New York University and New York University Medical Center Condominium and such other persons as the Owner may designate, and their respective trustees, advisors, members, partners, employees, agents, representatives, officers and directors, from and **against all liability claims and demands on account of injury to persons including death resulting therefrom and damage to property arising out of the performance of this Contract by the Contractor**, employees and agents of the Contractor and the Contractor's property but only to the extent cause in whole or in part by any negligence act, error or omission or breach of statutory duty or obligation of the Contractor or Subcontractor, anyone directly employed by them or anyone for whose acts they may be liable. The Contractor shall, at its own expense, defend any and all actions at law brought against any person indemnified hereunder and shall pay all attorneys' fees and all other expense and promptly discharge any judgment arising therefrom.

*See* Exhibit B, pp. 14-15 [emphasis added].

**The HCC Insurance Policy**

23.    HCC issued an insurance policy to its named insured E-J Electrical under Policy number H12PC30131-00 and with effective dates of December 31, 2012 to December 31, 2013.

24.    The Policy provides coverage for certain bodily injury claims, subject to various terms, conditions, and exclusions.

25.   NYUHC tendered its defense and indemnification in the Jadusingh Action to HCC, seeking coverage as an additional insured under the HCC Policy issued to E-J Electrical.

26.   On September 14, 2015, HCC accepted the tender of the Jadusingh Action.

27.   Any applicable deductible under the HCC Policy is being paid or has been paid, and HCC has been providing a defense to NYUHC in the Underlying Lawsuit.

28.   The HCC Policy contains an "Other Insurance" provision, which provides, in relevant part:

**SECTION IV- COMMERCIAL GENERAL LIABILITY CONDITIONS**

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

**b. Excess Insurance**

(1) This insurance is excess over:

….

(b) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

(2) When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

29. The HCC Policy also contains a Primary and Non-Contributing Insurance Endorsement, which reads in relevant part:

> A. The following is added to **Section IV- COMMERCIAL GENERAL LIABILITY CONDITIONS,** Paragraph **4**:
>
> d. Notwithstanding the provisions of subparagraphs a, b, and c. of this paragraph 4, with respect to the Third Party shown below, it is understood and agreed that in the event of a claim "suit" arising out of the Named Insured's negligence, this insurance shall be primary and any other insurance maintained by the additional insured as the Third Party below shall be excess and non-contributory.
> The Third Party to whom this endorsement applies is:
>
> Absence of a specifically named Third Party above means that the provisions of this endorsement apply "as required by written contractual agreement with any Third Party for whom you are performing work. "

30. The HCC Policy's "Other Insurance" provision, when compared to the ProSight Policy and the terms of the NYUHC- Nouveau contract renders the HCC Policy excess over any other primary insurance available to NYUHC as an additional insured.

**HCC's Tender to ProSight and Nouveau**

31. NYUHC and Nouveau entered into a Contract, dated April 1, 2011, for Nouveau to provide elevator maintenance and repair services at the location of the alleged accident. *See,* **Exhibit "B**."

32. Pursuant to the Contract, as outlined above, Nouveau was obligated to add NYUHC, among other parties, as an additional insured to its general liability policy. *See,* **Exhibit "B**."

33. Prior to and effective through October 2, 2013, ProSight issued a general liability policy to Nouveau, under which NYUHC qualifies as an additional insured for the Jadusingh Action.

34.   On July 21, 2016, HCC tendered the defense and indemnification of NYUHC in the Jadusingh Action to ProSight.

35.   On August 15, 2017, HCC again tendered the defense of NYUHC in the Jadusingh Action to ProSight.

36.   ProSight has not agreed to defend and indemnify NYUHC.

### AS AND FOR A FIRST CAUSE OF ACTION

**(Declaratory Judgment- Additional Insured Status of NYUHC)**

37.   HCC repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "36" inclusive, with the same force and effect as if set forth herein.

38.   NYUHC is entitled to additional insured status on the ProSight Policy with respect to the claims made in the Jadusingh Action.

39.   ProSight breached its obligations under the ProSight Policy by failing to acknowledge that NYUHC is an additional insured with respect to the claims made in the Jadusingh Action.

40.   HCC timely demanded that ProSight acknowledge NYUHC as an additional insured with respect to the claims made in the Jadusingh Action.

41.   ProSight has not acknowledged NYUHC as an additional insured with respect to the claims made in the Jadusingh Action.

42.   Judgment should be entered accordingly declaring that NYUHC is an additional insured under the ProSight Policy with respect to the Jadusingh Action.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Declaratory Judgment- Duty to Defend NYUHC)

43.     HCC repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "42" inclusive, with the same force and effect as if set forth herein.

44.     Pursuant to the terms of the ProSight Policy, ProSight has an obligation to defend NYUHC for the claims alleged in the Jadusingh Action.

45.     Pursuant to the terms of the ProSight Policy, ProSight has an obligation to defend NYUHC for the Jadusingh Action on a primary and non-contributory basis.

46.     HCC timely demanded that ProSight defend NYUHC for the claims made in the Jadusingh Action on a primary and non-contributory basis.

47.     ProSight has failed to defend NYUHC in the Jadusingh Action.

48.     As a result of ProSight's failure to defend NYUHC, HCC has been obligated to defend its insured NYUHC.

49.     HCC has incurred, and continues to incur, expenses, including attorneys' fees and other costs in connection with the defense of NYUHC in the Jadusingh Action.

50.     HCC therefore seeks a declaration that ProSight is obligated to defend NYUHC in the Jadusingh Action on a primary and non-contributory basis, and is obligated to reimburse HCC for expenses, including all attorneys' fees and costs incurred in connection with the defense of the Jadusingh Action, together with interest thereon.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Declaratory Judgment- Duty to Indemnify NYUHC)

51.     HCC repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "50" inclusive, with the same force and effect as if set forth herein.

52.     Pursuant to the terms of the ProSight Policy, ProSight has an obligation to indemnify NYUHC for all amounts for which NYUHC becomes legally obligated to pay as damages because of bodily injury or property damage in connection with the Jadusingh Action, on a primary and non-contributory basis.

53.     ProSight has denied or otherwise failed to acknowledge its obligation to indemnify NYUHC in connection with the Jadusingh Action.

54.     HCC seeks a declaration that ProSight is obligated to indemnify NYUHC in connection with the Jadusingh Action on a primary and no-contributory basis.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Contribution)

55.     HCC repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "54" inclusive, with the same force and effect as if set forth herein.

56.     The ProSight Policy and the HCC Policy provide coverage to NYUHC in the Jadusingh Action.

57.     HCC has incurred, and continues to incur, expenses, including attorneys' fees and other costs in connection with the de

58.     fense of NYUHC in the Jadusingh Action.

59.     Pursuant to its terms the ProSight Policy is primary to the HCC Policy and non-contributory.

60.     The costs incurred by HCC should have been paid by ProSight.

61.     Accordingly, HCC is entitled to an award of damages, and an order from this Court directing ProSight to reimburse HCC for all amounts paid by HCC for the defense of NYUHC in the Jadusingh Action, together with interest.

### DEMAND FOR JURY TRIAL

62.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiff HCC hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

**WHEREFORE**, Plaintiff HCC demands judgment against the defendants as follows:

a.   Declaring that NYUHC is an additional insured under the ProSight Policy with respect to the Jadusingh Action;

b.   Declaring that ProSight improperly denied a defense to NYUHC in the Jadusingh Action;

c.   Declaring that ProSight must provide for the defense of NYUHC in the Jadusingh Action on a primary and non-contributory basis;

d.   Declaring that ProSight must indemnify NYUHC in the Jadusingh Action on a primary and non-contributory basis;

e.   Awarding damages against ProSight for all costs incurred by HCC and/or NYUHC in the defense of the Jadusingh Action, together with interest;

{N1349552.2 }

f.   Awarding HCC the costs of suit incurred herein; and

g.   Awarding HCC such other and further relief as this Court deems just and proper.

Dated: New York, New York                    LONDON FISCHER LLP
October 18, 2018


                                    By:   __/S/ Maria Jorgelina Foglietta
                                          Maria Jorgelina Foglietta
                                          (mjfoglietta@londonfischer.com)
                                          Daniel W. London
                                          (dlondon@londonfischer.com)
                                          *Attorneys for Plaintiff*
                                          *Houston Casualty Company*
                                          59 Maiden Lane, 39th Floor
                                          New York, New York 10038
                                          (212) 972-1000