UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
HOUSTON CASUALTY COMPANY,             Case No.: 18-cv-9574-DAB

                Plaintiff,
     v.

PROSIGHT SPECIALTY INSURANCE COMPANY,

                Defendant.
-------------------------------------------------------------------x


**PLAINTIFF'S BRIEF REGARDING SCOPE OF DEFENSE COSTS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii
PRELIMINARY STATEMENT .............................................................................................. 1
STATEMENT OF FACTS ....................................................................................................... 2
I.   The Insurance Policies ................................................................................................ 2
II.   Nouveau's Promise to Indemnify ............................................................................... 2
III.   The Underlying Suit alleging Bodily Injury ............................................................ 3
ARGUMENT ............................................................................................................................. 3
I.   THE DUTY TO DEFEND INCLUDES THOSE EXPENSES LINKED TO THE EFFORT TO AVOID LIABILITY TO THE INSURED ..................................... 3

A.   STATE LAW AND COMMON USAGE DEFINE THE DUTY TO DEFEND ... 4

B.   THE NYUHC CLAIMS AGAINST NOUVEAU ARE INEXTRICABLY LINKED TO ITS DEFENSE FROM LIABILITY IN THE MAIN ACTION ............. 6

II.   CASES RELIED UPON BY NYMAGIC INVOLVE DIFFERENT LEGAL RULES AND DISIMILAR CIRCUMSTANCES ............................................................ 6

CONCLUSION ........................................................................................................................... 8

# TABLE OF AUTHORITIES

Cases                                                                                                          Page(s)

*Blaskovic v. Penguin House Tenants Corp.*,
    158 A.D.2d 434, 552 N.Y.S.2d 7 (1st Dept. 1990) ............................................................ 6

*Brezinski v. Olympia & York Water St. Co.*,
    218 A.D.2d 633, 631 N.Y.S.2d 23 (2d Dept. 1995) ........................................................... 6

*Goldberg v. American Home Assur. Co.*,
    80 A.D.2d 409 (1st Dept. 1981) ..................................................................................... 7-8

*Great West Cas'y Co. v. Marathon Oil Co.*,
    315 F.Supp. 2d 879 (N.D. Ill. 2003) .................................................................................. 3

*Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*,
    252 F.3d 608 (2d Cir. 2001) .............................................................................................. 4

*Hervochon v. Iona College*,
    2019 WL 1375359 (S.D.N.Y Mar. 27, 2019) .................................................................... 4

*Jenel Management Corp. v Pacific Ins. Co.*,
    55 A.D.3d 313 (1st Dept. 2008) .............................................................................. 1,4,5, 6

*Mighty Midgets, Inc. v. Centennial Ins. Co.*,
    47 N.Y.2d 12, 389 N.E.2d 1080 (1979) ............................................................................ 7

*National City Bank v. New York Cent. Mut. Fire Ins. Co.*,
    6 A.D.3d 1116 (4th Dept. 2004) ........................................................................................ 7

*P.J.P. Mechanical Corp. Commerce and Industry*,
    65 A.D.3d 195 (1st Dept. 2009) ........................................................................................ 7

*Perchinsky v. State of New York*,
    232 A.D.2d 34, 660 N.Y.S.2d 177 (3d Dept. 1997) .......................................................... 5

*U.S. Underwriters Insurance Co. v. City Club Hotel, LLC*,
    3 N.Y.3d 592, 597–98 (2004) ............................................................................................ 5

## PRELIMINARY STATEMENT

Houston Casualty Company ("HCC") respectfully submits this brief according to the Court's order that the parties "brief the Court about the scope of the obligation to pay 'defense costs.'" (ECF Doc. 34). This is an action for contribution and a declaration that New York Marine and General Insurance Company ("NYMAGIC") is obligated to defend and indemnify the mutual insured, New York University Hospitals Center ("NYUHC"), in consolidated lawsuits alleging bodily injury caused by a mis-leveled elevator operated and maintained by the NYMAGIC policyholder at an NYUHC owned building.

NYMAGIC contends that legal expenses incurred to enforce a co-defendant policyholder's promise to indemnify NYUHC from loss and expense to the "extent caused in whole or in part by any negligent act, error or omission or breach of statutory duty or obligation of" the co-defendant policyholder are not included in its "duty to defend the insured."

Neither law nor common usage support the NYMAGIC position. To the contrary, the undefined "duty to defend" includes the expense of cross-claims or third-party actions to secure indemnification or contribution for liability arising from the negligence of a co-defendant because these expenses are an essential component of a vicariously liable party's defense against liability. *Jenel Management Corp. v. Pacific Ins. Co.,* 55 A.D. 313 (1st Dept. 2008)('defense costs' includes third-party claims that are an "essential component of…defense of the main underlying action").

**STATEMENT OF FACTS**

I.   **The Insurance Policies**

HCC is providing a defense to NYUHC for consolidated lawsuits alleging bodily injury arising from a mis-leveled elevator maintained and serviced by Nouveau Elevator Industries, Inc. "Nouveau." *Complaint* at ¶11 (ECF Doc. 6).

NYMAGIC issued a general liability policy to Nouveau for the period June 1, 2013 to June 1, 2014. *London Aff.* at ¶8. The Policy provides that NYMAGIC shall "have the right and duty to defend the insured against any 'suit' seeking…damages." *London Aff.* at ¶8, Ex. H at §I(1)(a). "Suit means a civil proceeding in which damages because of 'bodily injury'…to which this insurance applies are alleged." *London Aff.* at ¶8, Ex. H at §V(18). "The word 'insured' means any person or organization qualifying as such under Section II – Who Is An Insured." *London Aff.* at ¶8, Ex. H (preamble to insuring clauses). Who Is An Insured includes an "additional insured." *London Aff.* at ¶8, Ex. H at §II as amended by Ends. 20 & 21. Finally, "this insurance applies…[s]eparately to each insured against whom a claim is made or 'suit' is brought." *London Aff.* at ¶8, Ex. H at §IV(7). There is no definition of "duty to defend" or defense costs.

II.   **Nouveau's Promise to Indemnify**

NYUHC and Nouveau entered into a "Comprehensive Elevator Maintenance and Repair Contract" that included a promise that Nouveau would:

> indemnify and save harmless…NYU Hospitals Center…from and against all liability claims…on account of injury to persons…arising out of the performance of this Contract by [Nouveau]…to the extent caused in whole or in part by any negligent act, error or omission…" of Nouveau.

*London Aff.* at ¶6, Ex. F at pp. 14-15.

### III. The Underlying Suit alleging Bodily Injury

Jadusingh, the plaintiff in the underlying suit, alleges that he was injured when he tripped while loading a mis-leveled elevator in the course of a construction project. *London Aff.* at ¶1, Ex. A at ¶11; ¶3, Ex. C at ¶18. Plaintiff alleges that NYUHC is liable for his injuries because, as property owner, NYUHC is responsible for the elevator. *London Aff.* at ¶3, Ex. C at ¶¶36 & 41. To eliminate or minimize its vicarious liability to the Plaintiff, NYUHC filed a third-party action against Nouveau for contribution and contractual indemnification. *London Aff.* at ¶2, Ex. B. Thereafter, Plaintiff filed a second complaint naming Nouveau as a direct defendant. *London Aff.* at ¶ 3, Ex. C at ¶24. NYUHC asserted a cross-claim against Nouveau for contribution and contractual indemnification in the second action and Nouveau asserted similar claims against NYUHC. *London Aff.* at ¶ 4. The two actions were formally consolidated by order dated July 26, 2016. *London Aff.* at ¶6.

## ARGUMENT

### I. THE DUTY TO DEFEND INCLUDES THOSE EXPENSES LINKED TO THE EFFORT TO AVOID LIABILITY TO THE INSURED

> "Defense" is about avoiding liability. Claims and actions seeking third-party contribution and indemnification are a means of avoiding liability just as clearly as contesting the claims alleged to give risk to liability.
>
> *Great West Cas'y Co. v. Marathon Oil Co.,* 315 F.Supp. 2d 879, 882-883 (N.D. Ill. 2003)

Under New York law, NYMAGIC's "duty to defend" NYUHC includes reasonable expense incurred in third-party actions and cross-claims for contribution or indemnity because those costs are an essential component of NYUHC defense avoid liability in the

main personal injury action. *Jenel Management Corp. v Pacific Ins. Co.,* 55 A.D.3d 313 (1st Dept. 2008)("*Jenel*"); *see, also, Hervochon v. Iona College,* 2019 2451431 at *9-10 (S.D.N.Y. Feb. 15, 2019)(P.E. Davison, U.S.M.J.) *report and recommendation adopted* 2019 WL 1375359 (S.D.N.Y Mar. 27, 2019)(C. Seiblel, U.S.D.J.)(duty to defend college as additional insured on policy issued to contractor includes college's claims against contractor for indemnification of personal injury lawsuit by contractor's employee).

The "duty to defend" is broader than the duty to indemnify. The scope of the insurer's obligation is so broad that "[a]n insurer's duty to defend an insured extends to the defense of any action arising out of the occurrence, including a defense against an insurer's declaratory judgment action." *U.S. Underwriters Insurance Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 597–98 (2004) (explaining basis for rule permitting insured to recover cost of affirmative by insurer).

### A. STATE LAW AND COMMON USAGE DEFINE THE DUTY TO DEFEND

Where, as here, a phrase used in a policy is left undefined the policy is interpreted according to state law and that usage controls unless the parties "explicitly indicate, on the face of their agreement, that the term is to have some other meaning." *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.,* 252 F.3d 608 (2d Cir. 2001). NYMAGIC has "the right and duty to defend the insured against any 'suit' seeking…damages." *London Aff.* at ¶8, Ex. H at §I(1)(a). There is no definition of "duty to defend" or defense costs in the policy. However, the "duty to defend" is afforded a definite meaning in this context under New York State decisional law.

*Jenel* addressed precisely the question presented here. *Jenel,* a building management company, was sued in a personal injury lawsuit by an employee of a tenant in a building that *Jenel* managed. *Jenel,* 55 A.D.3d at 313. As HCC has done here, *Jenel's* insurance carrier provided it with a defense that included a third-party action against the tenant for indemnification and contribution. *Id. Jenel* tendered its defense to the tenant's insurance carrier, as NYUHC tendered to NYMAGIC. Tenant's carrier wrongfully refused to defend *Jenel* as NYMAGIC has wrongfully refused to defend NYUHC. The tenant's carrier eventually acknowledged its duty to defend *Jenel* as an additional insured but, like NYMAGIC, the tenant's carrier refused to reimburse *Jenel's* carrier for the expenses incurred in the third-party action against its policyholder. *Id.*

Presented with a set of facts nearly identical to ours, the Appellate Division, First Department, explained that Jenel's "third-party claims against the [tenant] were an essential component of [Jenel's] defense of the main underlying action." *Id.* Therefore, just as *Jenel's* insurer was "entitled to reimbursement [from the defaulting carrier for] the…attorneys' fees it incurred in prosecuting" the third-party action against the tenant, HCC is entitled to reimbursement from NYMAGIC for defense costs incurred in pursuing indemnification from Nouveau for the defense of NYUHC. *Id.*

New York State's highest court has reached the same conclusion even when considering reimbursement of defense costs in a contract with a non-insurer litigant and found that a party pursuing a third-party claim is entitled to indemnification when that claim is "an essential component of the defense of the main action, pursued in good faith and not contrary to the language of the contractual indemnity provision." *Perchinsky v. State of New York*, 232 A.D.2d 34, 39, 660 N.Y.S.2d 177 (3d Dept. 1997).

### B. THE NYUHC CLAIMS AGAINST NOUVEAU ARE INEXTRICABLY LINKED TO ITS DEFENSE FROM LIABILITY IN THE MAIN ACTION

NYUHC is exposed to vicarious liability for Nouveau's alleged negligence by virtue of the status of NYUHC as an owner. *Blaskovic v. Penguin House Tenants Corp.*, 158 A.D.2d 434, 552 N.Y.S.2d 7 (1st Dept. 1990); *Brezinski v. Olympia & York Water St. Co.,* 218 A.D.2d 633, 631 N.Y.S.2d 23 (2d Dept. 1995). NYUHC entered into an indemnification agreement with Nouveau to protect itself against expense arising from Nouveau's work. *London Aff.* at ¶6, Ex. F at pp. 14-15.  The third-party action and subsequent cross-claim seek to enforce Nouveau's obligation to protect NYUHC from expenses arising from Nouveau's work. Therefore, the third-party action and subsequent cross-claim are an "essential component of [NYUHC's] defense of the main underlying action" and fall squarely within NYMAGIC's "duty to defend." *Jenel*, 55 A.D.3d at 313.

### II. CASES RELIED UPON BY NYMAGIC INVOLVE DIFFERENT LEGAL RULES AND DISIMILAR CIRCUMSTANCES

Pursuant to this Court's October 3, 2019 Order, the parties exchanged with each other case law supporting their interpretation of NYMAGIC's "duty to defend." The authorities provided by NYMAGIC for the proposition that the "duty to defend" does not include expenses incurred in third-party actions and cross-claims for contribution or indemnity are inapposite and falls into three general categories: (a) cases that describe the common law 'American Rule' that a prevailing party cannot recover its attorney's fees (b) cases in which an affirmative claim was deemed not to be an "essential component" of a

defense and (c) cases, not involving general liability policies, in which a party alleged that a conflict of interest required an insurer to appoint separate counsel.

The first category of cases simply involves instances in which a party sues to recover damages for breach of contract and seeks to recover the cost of its suit as damages. As New York's Court of Appeals has explained "[i]n contrast with other legal systems, such as that in Great Britain, it has now long been the universal rule in this country not to allow a litigant to recover damages for the amounts expended in the successful prosecution or defense of its rights." *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21–22, 389 N.E.2d 1080 (1979). This category of cases is plainly inapplicable where, as here, the insurer enters into a contract with the express purpose to "defend" an insured from liability to a third-party. Theses defense costs do not arise from suit against the insurer itself and the 'American Rule' does not apply.

The second category of cases involve instances in which it was determined that amounts sought in the affirmative claim were distinct from the underlying liability so that the claims were not an "essential component" of a defense. *See, e.g., P.J.P. Mechanical Corp. Commerce and Industry Corp.*, 65 A.D.3d 195 (1st Dept. 2009) (contractor's counter-claim for balance due on construction contract was not an 'essential component' of contractor's defense to property damage liability).

The third category of cases involve instances in which an insured being afforded a joint defense alleged a conflict entitling it to independent counsel. *National City Bank v. New York Cent. Mut. Fire Ins. Co.*, 6 A.D.3d 1116 (4th Dept. 2004) (auto insurer's defense of corporate lessor did not require appointment of independent counsel to pursue affirmative claims against lessee); *Goldberg v. American Home Assur. Co.,* 80 A.D.2d 409

(1st Dept. 1981) (professional liability insurer's defense of attorney did not require appointment of independent counsel to pursue claims against attorney's partners). In these cases, the court determined that the insurer was not required to appoint independent counsel. NYMAGIC has not provided a joint defense (or any defense) to the insured and, therefore these cases are wholly inapplicable. Furthermore, NYMAGIC continues to contest the additional insured's right to indemnification so that the additional insured's liability exposure remains at issue.

## CONCLUSION

Defendant's "duty to defend" the parties' mutual insured includes expenses incurred in third-party actions and cross-claims for contribution or indemnity because those costs are an essential component of the mutual insured's defense to liability in the main personal injury action.

Dated: New York, New York
       November 29, 2019

LONDON FISCHER LLP

BY:   /s/ Daniel London
      Daniel W. London (DL9718)
      Maria Jorgelina Foglietta

      Attorneys for Plaintiff
      Houston Casualty Company
      59 Maiden Lane, 39th Floor
      New York, New York 10038
      (212) 972-1000
      Our File No. 127.0567004
