UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HOUSTON CASUALTY COMPANY,

                                      Case No.: 18-cv-9574-DAB

        Plaintiff,

      v.

PROSIGHT SPECIALTY INSURANCE COMPANY,

        Defendant.
------------------------------------------------------------x

## DEFENDANT'S BRIEF REGARDING SCOPE OF DEFENSE COSTS

**KENNEDYS CMK LLP**
Ann Odelson, Esq.
570 Lexington Avenue
New York, New York 10022
(212) 252-0004 (tel.)
(212) 252-0444 (fax)
ann.odelson@kennedyslaw.com

*Attorneys for Defendant*
*ProSight Specialty Insurance Company*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ii, iii

PRELIMINARY STATEMENT ........................................................................................1

STAEMENT OF FACTS ....................................................................................................1

    I.      The Underlying Action ................................................................................1
    II.     The New York Marine Policy......................................................................2

ARGUMENT .......................................................................................................................3

    I.      NEW YORK MARINE HAS NO OBLIGATION TO REIMBURSE
           HCC OR PAY FOR COSTS INCURRED TO LITIGATE CLAIMS
           AGAINST NEW YORK MARINE'S OWN INSURED NOUVEAU ...............3

CONCLUSION ....................................................................................................................8

# TABLE OF AUTHORITIES

**Federal Cases**

*Arch Ins. Co. v. Harleysville Worcester Ins. Co.*,
  56 F. Supp. 3d 576 (S.D.N.Y. 2014) ............................................................................... 5

*Herovchon v. Iona College,*
  2019 WL 2451431 at *9-10 (S.D.N.Y. Feb 15, 2019) ..................................................... 7

**State Cases**

*BP A.C. Corp. v. One Beacon Ins. Group.*,
  33 A.D.3d 116 (1st Dep't 2006) ...................................................................................... 4

*Edwards v. BP/CG Ctr. I, Inc.*,
  102 A.D.3d 413 (1st Dep't 2013) .................................................................................... 4

*Goldberg v. American Home Assur. Co.*,
  80 A.D.2d 409 (1st Dep't 1981) ...................................................................................... 3

*Indemnity Ins. Co. v. North America v. St. Paul's Mercury Ins. Co.*,
  74 A.D.3d 21 (1st Dep't 2010) ........................................................................................ 4

*Jenel Management Corp. v. Pacific Ins. Co.*,
  55 A.D.3d 313 (1st Dep't 2008) ...................................................................................... 6

*Jenel Management Corp. v. Pacific Ins. Co.,*
  2007 WL 6882259 (N.Y. Sup. Ct. Feb. 09, 2007) .......................................................... 6

*National City Bank v. New York Central Mut. Fire Ins. Co.*,
  6 A.D.3d 1116 (4th Dep't 2004) .................................................................................. 3, 4

*New York City Dep't of Transp. v. Petric & Assocs., Inc.*,
  132 A.D.3d 614, (1st Dep't 2015) ................................................................................... 5

*North Star Reinsurance Corp. v. Continental Ins. Co.*,
  82 N.Y.2d 281, 624 N.E.2d 647, 604 N.Y.S.2d 510 (1993) ........................................... 4

*P.J.P Mech. Corp. v. Commerce & Indus. Ins. Co.*,
  65 A.D.3d 195 (1st Dep't 2009) ...................................................................................... 8

*Pennsylvania General Ins. Co. v. Austin Powder Co.*,
  68 N.Y.2d 465, 502 N.E.2d 982, 510 N.Y.S.2d 67 (1986) ............................................. 4

*Perchinsky v. State of New York*,
  232 A.D.2d 34 (3d. Dep't 1997) .................................................................................. 6, 7

*Prashker v. United States Guar. Co.*,
  1 N.Y.2d 594 (1956) ....................................................................................................... 4

*Wausau Underwriters Ins. Co. v. Gamma USA, Inc.*,
    166 A.D.3d 928, (2d Dep't 2018) ........................................................................... 5

*Wilk v. Columbia Univ.*,
    171 A.D.3d 570, (1st Dep't 2019) .......................................................................... 5

## PRELIMINARY STATEMENT

The current declaratory judgment action was instituted by Houston Casualty Company ("HCC") seeking contribution and a declaration that New York Marine and General Insurance Company ("New York Marine") is obligated to defend and indemnify New York University Hospital Center ("NYUHC") under the New York Marine Policy issued to Nouveau Elevator Industries Inc. ("Nouveau") with respect to an underlying action involving Tyrone Jadusingh.

Specifically, HCC issued a general liability policy to E-J Electric Installation Co. ("E-J Electric") and is currently providing coverage to NYUHC as an additional insured under the HCC Policy. New York Marine and HCC have agreed to provide NYUHC with a defense in the Jadusingh Action, but New York Marine disputes its obligation to indemnify NYUHC.

In its brief, HCC asserts that New York Marine's defense obligation includes the costs of NYUHC's affirmative claims against Nouveau. Contrary to HCC's assertion, because New York Marine has agreed to defend NYUHC as an additional insured, under New York law, it cannot pay for any costs for NYUHC to litigate claims against Nouveau based on the anti-subrogation doctrine. Rather, New York Marine's defense obligation to NYUHC only extends to the direct claims asserted against it.

Accordingly, New York Marine submits this brief according to the Court's October 31, 2019 Order that the parties brief the Court about the scope of the obligation to pay defense costs. (ECF Doc 34.).

## STATEMENT OF FACTS

### I. The Underlying Action

This matter arises from a claim by Tyrone Jadusingh, who seeks to recover damages for bodily injuries he allegedly sustained on October 2, 2013, while moving a transformer onto a

misleveled elevator at 550 1st Avenue, New York, NY (the "Premises"). (See, Affirmation of Daniel London, Ex. A. at ¶ 11, hereinafter "London Aff."). Subsequently, Tyrone Jadusingh and Sheila Jadusingh commenced an action in New York State Supreme Court, New York County, against NYU Langone Medical Center, and a separate action against Nouveau, NYUHC and Turner Construction Company. The actions have been consolidated by an order dated July 26, 2016 under index number 158284/2014 (the "Jadusingh Action"). London Aff., Ex. E. Subsequently, on or about March 3, 2016, NYUHC brought a third-party action against Nouveau, asserting causes of action for (1) contribution; (2) contractual indemnity; and (3) for a judgment requiring Nouveau to defend and indemnify NYUHC. London Aff., Ex. B.

##   II.   The New York Marine Policy

The New York Marine Policy contains the following insuring agreement in relevant part:

SECTION I – COVERAGES

COVERAGE A -- BODILY INJURY AND PROPERTY DAMAGE LIABILITY

    1.    Insuring Agreement

        a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:

            1)    The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

            2)    Our right and duty to defend end when we have used up the applicable limit of insurance

> in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments- Coverages A and B.

The New York Marine Policy contains the following definitions:

> 18. "Suit" means a civil proceeding in which damages because of "bodily injury", property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:
>
>     a. An arbitration proceeding in which such damages are claims and to which the insured must submit or does submit with out consent; or
>
>     b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits without consent.

London Aff., Ex. H

# ARGUMENT

## I. NEW YORK MARINE IS NOT OBLIGATION TO REIMBURSE HCC OR PAY FOR COSTS INCURRED TO LITIGATE CLAIMS AGAINST NEW YORK MARINE'S OWN INSURED NOUVEAU

Under New York law, an insurer is not obligated to pay attorneys' fees incurred by an additional insured in connection with its attempt to shift liability to the named insured by way of claims for indemnification or contribution. In *Goldberg v. American Home Assur. Co.*, 80 A.D.2d 409 (1st Dep't 1981), the First Department held that an insurer's obligation to plaintiff and its other insured, the partners in the law firm with which plaintiff was formerly associated, to provide with a defense against a malpractice action, did not entitle the plaintiff to reimbursement by the insurer for the costs associated with plaintiff's affirmative cross-claims against his former partners. *See also, National City Bank v. New York Central Mut. Fire Ins. Co.*, 6 A.D.3d 1116 (4th Dep't 2004) ("[W]here, as here, an insurer fulfills its duty under the policy to provide a defense for an insured,

hiring separate counsel to pursue an insured's affirmative cross claims is the insured's responsibility."); *Prashker v. United States Guar. Co.*, 1 N.Y.2d 594, 592 (1956).

Simply put: New York courts have clearly held that liability insurers have no obligation to pay for the prosecution of third-party claims for indemnification as such claims are entirely discretionary.

Additionally, New York Marine is not required to reimburse HCC or pay for costs in connection with prosecuting claims against its own named insured based on the anti-subrogation doctrine. *See e.g., Indemnity Ins. Co. v. North America v. St. Paul's Mercury Ins. Co.*, 74 A.D.3d 21 (1st Dep't 2010). New York courts or federal courts applying New York law have held that an insurer cannot pay for costs to litigate claims against its own insured. *See, e.g., Pennsylvania General Ins. Co. v. Austin Powder Co.,* 68 N.Y.2d 465, 502 N.E.2d 982, 510 N.Y.S.2d 67 (1986) (if an insurer provides coverage to an additional insured, then any third-party claims or cross-claims by the additional insured against the named insured are barred); *North Star Reinsurance Corp. v. Continental Ins. Co.*, 82 N.Y.2d 281, 624 N.E.2d 647, 604 N.Y.S.2d 510 (1993); *Edwards v. BP/CG Ctr. I, Inc.*, 102 A.D.3d 413 (1st Dep't 2013) (holding that the additional insured's claims against the named insured were barred by the anti-subrogation rule where the named insured demonstrated that it complied with insurance requirements in the contract); *BP A.C. Corp. v. One Beacon Ins. Group.*, 33 A.D.3d 116 (1st Dep't 2006) (explaining in a footnote that the additional insured's claim against the named insured would be barred by the anti-subrogation rule, even though the contractual indemnification provision provided as much and perhaps even broader indemnification coverage).

Thus, the anti-subrogation doctrine applies to situations where an insurer seeks recovery from its insured for the "same risk *covered* by its policy." *Arch Ins. Co. v. Harleysville Worcester Ins. Co.*, 56 F. Supp. 3d 576, 581 (S.D.N.Y. 2014). *See*, *Wilk v. Columbia Univ.*, 171 A.D.3d 570, 572, (1st Dep't 2019) (finding that allowing an insured to maintain a claim against an additional insured who was being defended under the same policy would be in violation of the anti-subrogation rule); *Wausau Underwriters Ins. Co. v. Gamma USA, Inc.*, 166 A.D.3d 928, 930, (2d Dep't 2018) (finding that contractors were barred from asserting claims against subcontractors who were insured under the same CCIP policy); *see also*, *New York City Dep't of Transp. v. Petric & Assocs., Inc.*, 132 A.D.3d 614, 615, (1st Dep't 2015)(holding that New York law does not distinguish, for purposes of the anti-subrogation rule, between subrogation claims brought directly against an insured and claims brought against a common insurer).

As stated, while New York Marine has acknowledged its defense obligation to NYUHC, it will not and cannot pay for any costs to litigate any claims against Nouveau, its own insured.

HCC asserts that the anti-subrogation rule does not prohibit an additional insured from pursuing contractual indemnification from a policyholder and that it is common place for insurers to fund third-party actions similar to NYUHC's claims in the Underlying Action. While HCC is correct that the anti-subrogation rule does not preclude an action by NYUHC against Nouveau in excess of its policy limits, New York Marine is certainly not obligated to pay for the third-party action against its own insured.

Further, a review of the case law cited by HCC in support of its position that New York Marine is required to fund the defense of the third-party claims is misplaced. First, HCC relies on *Jenel Management Corp. v. Pacific Ins. Co.*, in which the First Department held that that the "co-plaintiffs' third-party claims against the employer were an essential component of their defense of

the main underlying action, and, accordingly, plaintiff insurer is entitled to reimbursement of the $7,059.25 in attorneys' fees it incurred in prosecuting those claims." 55 A.D.3d 313 (1st Dep't 2008). However, upon closer review of the trial court decision, it is evident that the First Department's holding was in connection with the employer's contractual indemnity obligations, and did not address a situation where, as here, an insurer has agreed to defend the party seeking to enforce its contractual claim.

*Jenel Management Corp. v. Pacific Ins. Co.*, involved a claim for alleged bodily injuries sustained by a security guard employed by a clothing store, Young World of Eight Avenue, Inc. ("Young World"). 2007 WL 6882259 (N.Y. Sup. Ct. Feb. 09, 2007). The security guard brought an action against Jenel Management Corp. ("Jenel"), the building manager, and the lessors who assigned the lease to Young World. Jenel then impleaded Youngworld as a third-party defendant, asserting claims for common law negligence, contractual indemnification and/or breach of covenant to procure insurance for Jenel's benefit.

While Youngworld's insurer, Pacific Insurance Company's, duty to provide additional insured coverage to Jenel was at issue in the case, the First Department's holding that Jenel's insurer was entitled to reimbursement of attorneys' fees it incurred in prosecuting the third-party claims were not based on Pacific Insurance Company's duty to defend Jenel but rather its duty to indemnify Young World for its contractual obligations to Jenel. Also, it appears that in Jenel, this issue of whether the anti-subrogation doctrine applied was not raised.

Equally meritless is HCC's reliance on *Perchinsky v. State of New York*, 232 A.D.2d 34 (3d. Dep't 1997)  The court in *Perchinsky* awarded the costs of pursuing the third-party action as an essential component of the defense of the main action and explained that such an award was consistent to the contractual indemnity provision of the relevant contract. 232 A.D.2d at 39—40

("the Lions Club is seeking to enforce its contractual indemnification rights against the indemnitor not for the costs of enforcing the indemnification claim, but merely for the costs of pursuing "defensive" third-party claims against parties other than the contractual indemnitor"). To re-iterate, to the extent that the damages will exceed the limit of the New York Marine Policy, HCC is not precluded from asserting claims against Nouveau. New York Marine, however, cannot pay for costs to sue Nouveau.

Moreover, in addressing the same issue, this Court in *Herovchon v. Iona College*, has stated that "a party pursuing a third party claim is entitled to **indemnification** when that claim is – an essential component of the defense of the main action, pursued in good faith and not contrary to the language of the **contractual indemnity provision**." 2019 WL 2451431 at *9-10 (S.D.N.Y. Feb 15, 2019) (emphasis added) (citing *Perchinsky v. State of New York*, 232 A.D.2d 34, 39 (3d. Dep't 1997)). In *Herovchon*, Iona College sought the fees it incurred in pursuing a third-party action against a contractor when the contractor's employee was allegedly injured and brought suit against Iona College. *Id*. at *1-2. In its analysis, this Court examined the *Perchinsky* and *Jenel* decisions and found that the contractor's insurer had a duty to indemnify the contractor for its indemnity obligations to Iona. *Id*. at *10.  Further in *Hervochon*, the insurer disputed its obligation to provide additional insured status to the entity pursuing its contractual claims.

Accordingly, HCC's assertion that New York Marine's "duty to defend" includes expenses incurred in third-party actions and cross-claims for contribution or indemnity because such costs are an essential component of NYUHC's defense to liability in the Underlying Action is not supported by New York case law. Not only are NYUHC's cases inapplicable to the instant dispute, as set above, New York courts have consistently held that once an insurer acknowledges coverage to one insured, it is prohibited for paying for costs to litigate claim against another insured

on its policy. Nor does an insurer have a duty to either fund or to reimburse separate litigation commenced by its insured. *See, P.J.P Mech. Corp. v. Commerce & Indus. Ins. Co.*, 65 A.D.3d 195 (1st Dep't 2009)(finding that there was nothing in the policy language that requires the insurer to either prosecute affirmative claims or reimburse the insured for the fees paid to its counsel for such affirmative claims where the insuring agreement contained nearly identical language to the New York Marine Policy).

HCC attempts to distinguish *P.J.P Mech. Corp.*, by asserting that the affirmative claims were not an "essential component" of the defense. Nevertheless, the court found, that the policy in *P.J.P Mech. Corp.*, which contains a nearly identical insuring agreement to that of the New York Marine Policy, "clearly states that defendant has the duty to defend a suit, which means a proceeding brought against the Insured, not by the Insured. *Id*. at 199. The court further started that the term "defend," "by its clear import, does not envision affirmative litigation." *Id*.

## **CONCLUSION**

Accordingly, as set forth above, New York Marine's defense obligations does not include the costs of any affirmative claims asserted by NYUHC against Nouveau. Moreover, New York Marine cannot agree to fund NYUHC's affirmative claims against Nouveau as it would be in violation of New York's anti-subrogation doctrine. As such, New York Marine respectfully requests this Court find that "defense costs" do not include the costs of any affirmative claims by NYUHC.

Dated:  New York, New York
           December 20, 2019

/s/ Ann Odelson
_____
ANN ODELSON