UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
HOUSTON CASUALTY COMPANY,

                               Plaintiff,                          **Civ. No.: 1:18-cv-09574**

        -against-

PROSIGHT SPECIALTY INSURANCE COMPANY,

                               Defendant.
-----------------------------------------------------------------------X

---

**DEFENDANT PROSIGHT SPECIALTY INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION AND TO AMEND JUDGMENT**

---

                                   KENNEDYS CMK LLP
                                   570 Lexington Avenue, 8th Floor
                                   New York, NY 10022
                                   (212) 252-0004
                                   *Attorneys for Defendant*
                                   *New York Marine Insurance Company*

**TABLE OF CONTENTS**

I.      TABLE OF CONTENTS .......................................................................................i

II.     TABLE OF AUTHORITIES ...............................................................................ii

III.    PRELIMINARY STATEMENT  ...........................................................................1

IV.     BACKGROUND ...................................................................................................2

V.      LEGAL STANDARD FOR RECONSIDERATION ...............................................3

VI.     ARGUMENT .........................................................................................................4

        A.      New York Marine Respectfully Submits That Reconsideration Should
                Be Granted And The Judgement Should be Altered or Amended Because
                The Court Overlooked Matters and Controlling Law Coverage  ....................4

                1.  New York Marine's Duty to Defend NYUHC Is Not At
                    Issue In This Action ...............................................................................5

                2.  New York Marine Is Not Required And Is Precluded From Paying For
                    Any Costs To Sue Nouveau, The Named Insured Under The New
                    York Marine Policy  ................................................................................7

VII.    CONCLUSION......................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Central Tools, Inc. v. Fred V. Fowler Co., Inc.*, 95-cv-2119,
  1995 WL 783183 (E.D.N.Y. Dec. 22, 1995) ...................................................................... 4
*Consol. Gold Fields, PLC v. Anglo American Corp of South Africa Ltd.*,
  713 F.Supp 1457 (S.D.N.Y. 1989) ..................................................................................... 4
*Griffin Indus. v. Petrojam, Ltd.*,
  72 F.Supp.2d 365 (S.D.N.Y.1999) ...................................................................................... 4
*Herovchon v. Iona College*,
  2019 WL 2451431 (S.D.N.Y. Feb 15, 2019)............................................................... 3, 5, 6
*Jenel Management Corp. v. Pacific Ins. Co.*,
  55 A.D.3d 313 (1st Dep't 2008) .......................................................................................... 9
*Munafo v. Metro. Transp. Auth.*,
  381 F.3d 99 (2d Cir. 2004)................................................................................................... 4
*New York City Dep't of Transp. v. Petric & Assocs.*, Inc.,
  132 A.D.3d 614, (1st Dep't 2015) ....................................................................................... 8
*North Star Reinsurance Corp. v. Continental Ins. Co.*,
  82 N.Y.2d 281(1993) ........................................................................................................... 7
*P.J.P Mech. Corp. v. Commerce & Indus. Ins. Co.*,
  65 A.D.3d 195 (1st Dep't 2009) .......................................................................................... 8
*Pennsylvania General Ins. Co. v. Austin Powder Co.*,
  68 N.Y.2d 465 (1986) .......................................................................................................... 7
*Perchinsky v. State of New York*,
  232 A.D.2d 34 (3d. Dep't 1997)........................................................................................... 9
*Sanluis Develops., LLC v. CCP Sanluis, LLC*,
  556 F.Supp.2d 329 (S.D.N.Y. 2008).................................................................................... 4
*Shrader v. CSX Transp., Inc.*,
  70 F.3d 255 (2d Cir. 1995)................................................................................................... 4
*Viola v. Great Neck Water Pollution Control Dist.*,
  202 A.D.2d 363 (1st Dep't 1994) ........................................................................................ 7
*Washington v. New York City Indus. Dev. Agency*,
  215 A.D.2d 297 (1st Dep't 1995) ........................................................................................ 7
*Wausau Underwriters Ins. Co. v. Gamma USA, Inc.*,
  166 A.D.3d 928, (2d Dep't 2018)........................................................................................ 8
*Wilk v. Columbia Univ.*,
  171 A.D.3d 570, (1st Dep't 2019) ....................................................................................... 8

**Rules**

Rule 59(e) of the Federal Rules of Civil Procedure................................................................. 1, 4

## I.        PRELIMINARY STATEMENT

Defendant, New York Marine Insurance Company ("New York Marine") incorrectly sued herein as Prosight Specialty Insurance Company, respectfully submits this Memorandum of Law pursuant to Local Civil Rule 6.3 and Rule 59(e) of the Federal Rules of Civil Procedure in support of its Motion for Reconsideration, and to alter or amend the Court's May 27, 2020 Opinion and Order (ECF Doc. No. 43) that granted New York University Hospitals Center ("NYUHC") and Houston Casualty Company's ("HCC"), as NYUHC's subrogee, fees incurred in litigating New York Marine's duty to defend (the "May 27, 2020 Order").

As discussed in further detail below, and contrary to this Court's finding, New York Marine agreed to defend NYUHC as an additional insured under the New York Marine Policy and entered into a cost-sharing agreement with HCC regarding the costs of NYUHC's defense. That fact is undisputed and is not contested by HCC.  A review of HCC's papers show that it did not seek costs in litigating this Declaratory Judgment Action against New York Marine.

*The only issue that the parties could not agree upon was whether New York Marine, after acknowledging its defense obligation to NYUHC, has to pay for costs for NYUHC to sue Nouveau, its own insured, in a Third-Party Action*. New York courts are clear that once an insurer acknowledges a party as an additional insured under its policy, its obligation to defend the additional insured only extends to the direct claims asserted against it. An insurer cannot pay for costs to sue its own insured as the anti-subrogation doctrine prohibits it from doing so.

While New York Marine takes no position as to whether NYUHC's third-party action against New York Marine's Named Insured is viable, New York Marine cannot fund any litigation against its own insured. Respectfully, this is the only issue pending before this Court.

Accordingly, New York Marine's Motion should be granted in its entirety, and the Court should enter an order declaring that New York Marine has no obligation to fund the cost of NYUHC's Third-Party Action against Nouveau Elevator Industries Inc. ("Nouveau").

## II.      BACKGROUND

As this Court is aware, HCC, the insurer of E-J Electric Installation Co. ("E-J Electric"), commenced this Declaratory Judgment Action, seeking an Order declaring that NYUHC is entitled to additional insured coverage under a New York Marine policy issued to Nouveau, in connection with a bodily injury action by Tyrone Jadusingh and Sheila Jadusingh against NYU Langone Medical Center, Nouveau, NYUHC and Turner Construction Company, pending in the New York State Supreme Court, New York County (Index No. 158284/2014) (the "Underlying Action"). *See* Affidavit of Daniel W. London in Support of Claim for Defense Costs (ECF Doc No. 38), Exhibit A (hereinafter "London Aff."). HCC has agreed to provide coverage to NYUHC as an additional insured under the insurance policy HCC issued to E-J Electric.

Subsequently, on or about March 3, 2016, NYUHC brought a Third-Party Action against Nouveau, asserting causes of action for: (1) contribution; (2) contractual indemnity; and (3) for a judgment requiring Nouveau to defend and indemnify NYUHC. London Aff.*,* Ex. B. To date, there has not been a finding of negligence, or a conditional award of contractual or common law indemnity against Nouveau in the Underlying Action. *See* Affidavit of Ann Odelson in Support of Motion for Reconsideration and to Amend Judgment, Exhibit A (hereinafter "Odelson Aff.").

As stated, New York Marine agreed to defend NYUHC as an additional insured under the New York Marine Policy. The only issue the parties were not able to resolve was whether New York Marine is required to pay for costs going forward, with respect to the Third-Party Action

2

against its Named Insured, Nouveau. To that end, the parties wrote a letter to the Court asking for a briefing schedule with respect to this sole issue. Odelson Aff., Ex. B and Ex. C.

As New York Marine acknowledged its duty to defend NYUHC, in the papers submitted to the Court, HCC argued that New York Marine is obligated to contribute to defense costs to sue its own insured Nouveau.

On May 27, 2020, this Court granted NYUHC and HCC fees they incurred in litigating New York Marine's duty to defend. In support, this Court relied on *Herovchon v. Iona College*, 2019 WL 2451431 (S.D.N.Y. Feb 15, 2019), and found that NYUHC had been placed in a defensive posture by New York Marine, entitling NYUHC and HCC to the costs they incurred in enforcing New York Marine's duty to defend. The May 27, 2020 Order found that the cases cited by New York Marine in support of its position that affirmative claims are not included in New York Marine's duty to defend NYUHC, and the anti-subrogation doctrine, are irrelevant to the instant matter.

Respectfully, such cases cited by New York Marine are relevant to this instant matter and is the only issue pending before this Court: after acknowledging its duty to defend NYUHC, does New York Marine have to pay for costs for NYUHC to sue Nouveau, its insured?  New York courts have held that an insurer is not required to and cannot pay for any costs.  Accordingly, New York Marine now moves for reconsideration and to amend the May 27, 2020 Order to find that New York Marine does not have an obligation to fund NYUHC's Third-Party Action against Nouveau, and that to do so, would violate the anti-subrogation doctrine.

### III.     LEGAL STANDARD FOR RECONSIDERATION

Local Civil Rule 6.3 permits a party to move for reconsideration of a court order and should be granted where "the court has 'overlooked matters or controlling decisions which, had they been

considered, might reasonably have altered the result reached by the court.'" *Central Tools, Inc. v. Fred V. Fowler Co., Inc.*, 95-cv-2119, 1995 WL 783183 (E.D.N.Y. Dec. 22, 1995), citing *Consol. Gold Fields, PLC v. Anglo American Corp of South Africa Ltd.*, 713 F.Supp 1457, 1476 (S.D.N.Y. 1989); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (a motion for reconsideration will only be granted where the moving party can point to controlling decisions or data that the court overlooked and that might reasonably be expected to alter the conclusion reached by the court).

As this Court is aware, under Rule 59(e) of the Federal Rules of Civil Procedure, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "Although Rule 59(e) does not prescribe specific grounds for granting a motion to alter or amend an otherwise final judgment, … district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). The movant under rule 59(e) "must [either] present factual matters or controlling decisions the court overlooked that might materially have influenced its earlier decision ... [or] demonstrate the need to correct a clear error or prevent manifest injustice." *Sanluis Develops., LLC v. CCP Sanluis, LLC*, 556 F.Supp.2d 329, 331 (S.D.N.Y. 2008), citing *Griffin Indus. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y.1999).

## IV.   ARGUMENT

**A.    New York Marine Respectfully Submits That Reconsideration Should Be Granted And The Judgement Should be Altered or Amended Because The Court Overlooked Matters and Controlling Law**

In the May 27, 2020 Order, the Court states that "[o]ne unresolved issue remains in this case: whether NYUHC is entitled to recover, from New York Marine, the fees and expenses… it has incurred in attempting, successfully, to establish New York Marine's duty to defend NYUHC

4

in the consolidated Jadusingh lawsuits." The Court found that "NYUHC and its subrogee HCC are entitled to the fees incurred in litigating New York Marine's duty to defend." May 27, 2020 Order at p. 16.

In support of its decision, this Court held that the various cases cited by New York Marine supporting its position, that it does not and cannot fund litigation against its own Named Insured based on the anti-subrogation doctrine, were inapplicable. It is respectfully submitted that contrary to the Court's finding, these cases directly pertain to the sole issue before this Court: after acknowledging its duty to defend NYUCH as an additional insured whether New York Marine is required to fund the litigation against Nouveau, its Named Insured.

### 1.      New York Marine's Duty to Defend NYUHC Is Not At Issue In This Action

As stated, New York Marine agreed to defend NYUHC as an additional insured under the New York Marine Policy. HCC and New York Marine worked out a settlement agreement with respect to the defense costs incurred by HCC to date. Therefore, New York Marine's duty to NYUHC is not in dispute nor did HCC seek costs associated with this Declaratory Judgment Action to enforce New York Marine's duty.

Therefore, while the May 27, 2020 Order examines the decision in *Hervochon v. Iona College*, 2019 WL 2451431 (S.D.N.Y. Feb 15, 2019) in support of its finding that NYUHC and HCC are entitled to the fees incurred in litigating New York Marine's duty to defend, the issues involved in *Herovchon* are distinct and different than the sole issue before this Court.

In *Hervochon*, Iona College ("Iona") sought coverage as an additional insured under an insurance policy issued by Gotham Insurance ("Gotham") to Hennessey Construction Co., Inc. ("Hennessey"), in connection with a labor law action. *Id.* at *3. Gotham disclaimed coverage to Iona in that it was not entitled to additional insured coverage under the policy, and to Hennessey

based on an exclusion contained in its policy. *Id.* at *2. Iona and Hennessey then commenced suit against Gotham in federal court, stating that Gotham was required to defend and to indemnify each entity and requested attorneys' fees incurred in litigating their claim against Gotham seeking insurance coverage. *Id.* at *1. Separately, Gotham also commenced an action in New Jersey state court against Iona and Hennessey for a determination of its coverage obligations, which was eventually dismissed in favor of the federal court action. *Id.* at *2.

As discussed in the May 27, 2020 Order, the *Hervochon* court examined whether Iona and Hennessey were placed in a defensive posture, entitling them to reimbursement of the fees incurred in bringing the Third and Fourth-Party Actions against Gotham in Federal Court, seeking insurance coverage, and the fees incurred in defending the New Jersey Action. Notably, the *Hervochon* court found that Iona was not entitled to fees incurred in litigating its claims against Gotham in the coverage dispute. The *Hervochon* court found that in comparison, Hennessey was entitled to attorneys' fees incurred to litigate its claim regarding its entitlement to coverage under the Gotham Policy as Gotham had initially initiated a suit in New Jersey state court as a result, placed Hennessey in a defense posture.

Here, and as stated, in its motion, HCC did not seek costs associated with its litigation of this DJ Action. And while New York Marine acknowledges that the Court can afford relief it deems just and proper, based on the decision in *Herovchon*, the Court did not grant Iona the costs of its Third-Party Action against the insurer in which it sought an Order that the insurer was entitled to additional insured status under the policy. The *Hervochon* Court refuses to grant Iona that relief because similar to here, the insurer did not place Iona in a defensive posture by the legal steps it took to free itself from its policy obligation. *Id.* at *8. Accordingly, HCC is not entitled to attorneys' fees incurred in this action.

6

###### 2.   New York Marine Is Not Required And Is Precluded From Paying For Any Costs To Sue Nouveau, The Named Insured Under The New York Marine Policy.

Further, while the *Hervochon* Court found that New York Marine was required to reimburse Iona for costs to pursue its third-party action against Hennessey, the distinction is that in *Hervochon*, and unlike here where New York Marine has acknowledged its coverage obligation to NYUHC, the insurer disclaimed an obligation to defend Iona as an additional insured. Therefore, the insurer in *Hervochon* was not paying for one insured to sue another. Because New York Marine has agreed to defend NYUHC as an additional insured, the anti-subrogation doctrine precludes New York Marine from funding the third-party action against Nouveau, its Named Insured.

This doctrine precludes an insurer from funding or litigating a claim against another insured under its policy. *See, e.g.*, *Pennsylvania General Ins. Co. v. Austin Powder Co.*, 68 N.Y.2d 465 (1986) (finding that allowing the insurer's subrogation right to extend beyond third parties and to reach its own insured would permit an insurer, in effect, to pass the incidence of the loss from itself to its own insured and thus avoid the coverage which its insured purchased); *North Star Reinsurance Corp. v. Continental Ins. Co.*, 82 N.Y.2d 281(1993) (an insurer has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered); *see, also*, *Viola v. Great Neck Water Pollution Control Dist.*, 202 A.D.2d 363 (1st Dep't 1994); *Washington v. New York City Indus. Dev. Agency*, 215 A.D.2d 297 (1st Dep't 1995) (finding a third-party action by an additional insured against a named insured for common law contribution and indemnification in violation of the anti-subrogation rule even where the Named Insured maintained a separate "common law" liability insurance).

Specifically, to the extent that an additional insured pursues a third-party action or cross-claim against a Named Insured, the doctrine of anti-subrogation prohibits an insurer who has

agreed to defend both an additional insured and named insured under its policy from funding that litigation against its named insured. *See, e.g.*, *Wilk v. Columbia Univ.*, 171 A.D.3d 570, 572, (1st Dep't 2019) (finding that allowing an insured to maintain a claim against an additional insured who was being defended under the same policy would be in violation of the anti-subrogation rule); *Wausau Underwriters Ins. Co. v. Gamma USA, Inc.*, 166 A.D.3d 928, 930, (2d Dep't 2018) (finding that contractors were barred from asserting claims against subcontractors who were insured under the same CCIP policy); *see also New York City Dep't of Transp. v. Petric & Assocs.*, *Inc.*, 132 A.D.3d 614, 615, (1st Dep't 2015) (holding that New York law does not distinguish, for purposes of the anti-subrogation rule, between subrogation claims brought directly against an insured and claims brought against a common insurer).

Further, New York courts have specifically held that policy provisions nearly identical those contained in the New York Marine Policy does not require an insurer to prosecute or to fund the cost of such affirmative claims. In this regard, while the May 27, 2020 Order found *P.J.P Mech. Corp. v. Commerce & Indus. Ins. Co.*, 65 A.D.3d 195 (1st Dep't 2009) not applicable to the instant matter because the insured's claim for balance due on a construction contract was not an essential component of the contractor's defense to property damage liability, *P.J.P Mech. Corp.* specifically addresses an insurer's obligation to fund affirmative claims. In *P.J.P Mech. Corp.*, the First Department affirmed the New York Supreme Court's holding that contract language of the policy controls, and found that "there is nothing in the policy language that requires [the insurer] to either prosecute affirmative claims or reimburse plaintiff for fees paid to its counsel for such affirmative claims"). 65 A.D.3d at 199. Based on the holding of *P.J.P Mech. Corp.*, New York Marine's agreement to defend NYUHC as an additional insured only extends to the direct claims

asserted against it and does not encompass a third-party action to sue its own Named Insured, Nouveau.

In *Perchinsky v. State of New York*, 232 A.D.2d 34, 39 (3d. Dep't 1997) and *Jenel Management Corp. v. Pacific Ins. Co.*, 55 A.D.3d 313 (1st Dep't 2008), which were also cited by HCC, the court found that the plaintiff in each action was entitled to the fees incurred in enforcing their right to contractual indemnification as opposed to an insurer's duty to defend. In *Hervochon*, citing to *Perchinsky* and *Jenel*, the court stated that "a party pursuing a third party claim is entitled to ***indemnification*** when that claim is 'an essential component of the defense of the main action, pursued in good faith and not contrary to the language of the ***contractual indemnity provision***.'" 2019 WL 2451431 at *9-10 (S.D.N.Y. Feb 15, 2019) (emphasis added) (citing *Perchinsky v. State of New York*, 232 A.D.2d 34, 39 (3d. Dep't 1997)).

*Perchinsky* and *Jenel*, however, were based on a contractual indemnity obligation and not an insurer's duty to defend. And while New York Marine again states that it does not take a position as to whether a third-party action is viable, the Court of Appeals has held that an insurer cannot pay for one insured under its policy to sue another insured, which is precisely what HCC is arguing that New York Marine is required to do.

To put it differently, HCC wants its cost-sharing agreement with New York Marine to include funding litigation against Nouveau. And HCC does not insure Nouveau, but E-J Electric. Therefore, to the extent HCC wants to fund the Third-Party litigation is not prohibited from doing so. Accordingly, New York Marine does not have a duty to contribute to the cost of NYUHC's Third-Party Action against Nouveau.

## V.      CONCLUSION

For the foregoing reasons, Defendant New York Marine respectfully request that its

Motion be granted, and that the Court reconsider and Amend the May 27, 2020 Order to find that

New York Marine does not have an obligation to fund NYUHC's Third-Party Action against

Nouveau, and that the Court award the Defendant such other and further relief as the Court deems

just and proper.

Dated:   New York, New York
            June 10, 2020

Kennedys CMK LLC

_____
By: Ann Odelson
570 Lexington Avenue – 8th Floor
New York, New York 10022
(212) 252-0004
(212) 252-0444 – Fax
Ann.Odelson@kennedyslaw.com
*Attorneys for Defendant New York Marine*
*Insurance Company*

10