UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HOUSTON CASUALTY COMPANY,

                                                      Civ. No.: 1:18-cv-09574

                Plaintiff,

      -against-

PROSIGHT SPECIALTY INSURANCE COMPANY,

                Defendant.
------------------------------------------------------------------------X

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION**

                                                       KENNEDYS CMK LLP
                                                       Ann Odelson
                                                       *Attorneys for Defendant*
                                                       *ProSight Specialty Insurance Company*
                                                       570 Lexington Avenue, 8th floor
                                                       New York, New York 10022
                                                       Telephone: (212) 252-0004

# **TABLE OF CONTENTS**

| | Page |
|---|---|
| TABLE OF CONTENTS ............................................................................................... | i |
| TABLE OF AUTHORITIES ........................................................................................ | ii-iii |
| I. PRELIMINARY STATEMENT ...................................................................... | 1 |
| II. ARGUMENT ...................................................................................................... | 3 |
|     1. New York Marine's Motion for Reconsideration is Proper and Should be Granted .................................................................................. | 3 |
|     2. New York Marine is Prohibited From Contributing to NYUHS's Third-Party Action ...................................................................................... | 5 |
| III. CONCLUSION .................................................................................................. | 8 |

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                     **Page(s)**

*Hervochon v. Iona College*,
   2019 WL 2451431 (S.D.N.Y. Feb 15, 2019) .......................................................................... 3, 5

*Jenel Management Corp. v. Pacific Ins. Co.*,
   55 A.D.3d 313 (1st Dep't 2008)................................................................................................ 8

*Jovani Fashion, Ltd. v. Fed. Ins. Co.*,
   416 F. Supp. 3d 334 (S.D.N.Y. 2019)...................................................................................... 4

*Mighty Midgets, Inc. v. Centennial Ins. Co.*,
   47 N.Y.2d 12 (1979) ............................................................................................................ 3, 6

*Millennium Holdings LLC v. Glidden Co.*,
   27 N.Y.3d 406, 416 (2016) ...................................................................................................... 6

*Natl. Union Fire Ins. Co. of Pittsburgh, Pa. v. State Ins. Fund*,
   222 A.D.2d 369 (1st Dep't 1995).............................................................................................. 7

*P.J.P Mech. Corp. v. Commerce & Indus. Ins. Co.*,
   65 A.D.3d 195 (1st Dep't 2009)................................................................................................ 8

*Patterson v. United States*,
   2006 WL 2067036 (S.D.NY. July 26, 2006) ........................................................................... 4

*Pennsylvania Gen. Ins. Co. v. Austin Powder Co.*,
   68 N.Y.2d 465 (1986) .............................................................................................................. 5

*Virgin Atl. Airways, Ltd. v Natl. Mediation Bd.*,
   956 F.2d 1245 (2d Cir. 1992)................................................................................................... 4

*Wausau Underwriters Ins. Co. v. Gamma USA, Inc.*,
   166 A.D.3d 928, (2d Dep't 2018) ............................................................................................ 6

*White v. Hotel D'Artistes, Inc.*,
   230 A.D.2d 657 (1st Dep't 1996)............................................................................................. 7

*Wilk v. Columbia Univ.*,
   171 A.D.3d 570, (1st Dep't 2019)............................................................................................ 6

**Rules**

Local Civil Rule 6.3 ................................................................................................................. 2, 3

Rule 59(e) of the Federal Rules of Civil Procedure ................................................................. 2, 4

## I.  PRELIMINARY STATEMENT

New York Marine Insurance Company ("New York Marine"), incorrectly sued herein as Prosight Specialty Insurance Company, submits this Memorandum of Law in reply to Plaintiff, Houston Casualty Company's ("HCC") opposition to New York Marine's Motion for Reconsideration and/or to alter or to amend the Court's May 27, 2020 Opinion and Order pursuant to Local Civil Rule 6.3 and Rule 59(e) of the Federal Rules of Civil Procedure. Except when otherwise defined, this Memorandum of Law will adopt the abbreviations used in New York Marine's June 10, 2020 Memorandum of Law.

As stated in greater detail in New York Marine's Memorandum of Law, this Declaratory Judgment Action pertains to an underlying Labor Law action by Tyrone Jadusingh and Sheila Jadusingh against NYU Langone Medical Center, Nouveau Elevator Industries Inc. ("Nouveau"), New York University Hospitals Center ("NYUHC"), and Turner Construction Company, pending in the New York State Supreme Court, New York County (Index No. 158284/2014) (the "Underlying Action"). HCC commenced this Declaratory Judgment Action seeking an Order that New York Marine, the insurer of Nouveau was required to defend and indemnify NYUHC as an additional insured under the New York Marine Policy on a primary and non-contributory basis.

A review of HCC's opposition to New York Marine's Motion shows that the following facts are not in dispute:

- New York Marine acknowledged its duty to defend NYUHC as an additional insured under the New York Marine Policy;

- This agreement was based on the "Additional Insured" endorsement contained in the New York Marine Policy;

- New York Marine and HCC entered into a settlement agreement in which New York Marine agreed to reimburse for past defense costs incurred with respect to the defense of NYUHC in the Underlying Action;

1

- The only issue that the parties could not agree on was whether New York Marine, after acknowledging its duty to defend NYUHC as an additional insured, was required to pay for costs associated with NYUHC's third-party action against its own insured, Nouveau;

- HCC did not seek fees associated with the litigation of this DJ Action as it cannot based on the Court of Appeals' holding in *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12 (1979), which was followed by the S.D.N.Y in the *Hervochon v. Iona College*, 2019 WL 2451431 (S.D.N.Y. Feb 15, 2019)("*Hervochon*")

A review of HCC's opposition confirms that it did not refute any of the facts referenced above. Rather, HCC opposes New York Marine's Motion arguing reconsideration should not be granted because: (1) New York Marine has not identified any "controlling decisions or data that the court overlooked"; (2) an insurer's duty to defend includes the expenses of third-party actions to secure indemnification or contribution from the negligence of a co-defendant; and (3) the anti-subrogation rule has no application here.

Contrary to HCC's assertions, Reconsideration of the May 27, 2020 Order is appropriate because, respectfully, the May 27, 2020 Order did not make a determination on the outstanding issue between the parties and is necessary to prevent clear error and manifest injustice. Moreover, where, as here, an insurer commences an action against other insurer seeking to enforce that insurer's obligation to provide coverage, attorneys' fees are not recoverable. The May 27, 2020 Order, granting NYUHC and HCC fees incurred in litigating New York Marine's duty to defend goes against well-established New York law as articulated by the Court of Appeals in *Mighty Midgets* and the S.D.N.Y's decision in *Hervochon*..

Reconsideration of the judgement is also necessary here because, an insurer cannot pay for one insured to sue another insured as such claim is barred based on the anti-subrogation rule. Therefore, the anti-subrogation doctrine prohibits New York Marine from paying for NYUHC's Third-Party Action against Nouveau.

## II.  ARGUMENT

**1.  New York Marine's Motion for Reconsideration is Proper and Should be Granted**

HCC contends that New York Marine's motion for reconsideration must be denied because New York Marine only cited to two new cases and has not identified any "controlling decisions or data that the court overlooked" as required by Local Rule 6.3. However, a motion reconsideration and to alter or to amend judgment "cannot assert new arguments or claims which were not before this court on the original motion." *Patterson v. United States*, 2006 WL 2067036, at *1 (S.D.NY. July 26, 2006) (A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) is evaluated under the same standard as a motion for reconsideration under Local Civil Rule 6.3.). Additionally, the grounds for justifying reconsideration also include the "need to correct a clear error or prevent manifest injustice." *Jovani Fashion, Ltd. v. Fed. Ins. Co.*, 416 F. Supp. 3d 334, 337 (S.D.N.Y. 2019), *appeal withdrawn sub nom. Jovani Fashions, Ltd. v. Fed. Ins. Co.*, 19-3554, 2020 WL 1987821 (2d Cir. Mar. 30, 2020); *Virgin Atl. Airways, Ltd. v Natl. Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (The major grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice"). Moreover, the decision to grant or deny a motion for reconsideration is within the sound discretion of the district court. *Patterson*, 2006 WL 2067036, at *1; *Jovani Fashion, Ltd.,* 416 F. Supp. at 337.

Reconsideration and an amended judgment is warranted here because the May 27, 2020 Order did not issue a finding on the scope of New York Marine's obligations to pay "defense costs," which the parties' briefed, as directed by the October 30, 2019 Court Order – specifically, after acknowledging its defense obligation to NYUHC, was New York Marine required to fund

3

NYUHC's litigation against Nouveau, the Named Insured under the New York Marine Policy.[1] New York courts, including the Court of Appeals, have found that New York Marine is precluded from doing so based on the anti-subrogation doctrine. *See*, *Pennsylvania Gen. Ins. Co. v. Austin Powder Co.*, 68 N.Y.2d 465 (1986) ("to allow the insurer's subrogation right to extend beyond third parties and to reach its own insured would permit an insurer, in effect, to pass the incidence of the loss from itself to its own insured and thus avoid the coverage which its insured purchased") (internal citations omitted).

Further, the May 27, 2020 Order granted NYUHC and HCC, as NYUHC's subrogee, fees incurred in litigating New York Marine's duty to defend. While New York Marine acknowledges that the Court can afford relief it deems just and proper, respectfully, New York Marine's duty to defend NYUHC was no longer at issue as the parties had reached an agreement on past defense costs and such relief was not sought. Moreover, *Hervochon v. Iona College*, 2019 WL 2451431 (S.D.N.Y. Feb 15, 2019), which the Court basis its decision on, only granted fees to Hennessy, the named insured under the Gotham policy, where Gotham commenced a suit in New Jersey state court against Hennessy, placing Hennessy in a defensive posture. Conversely, the *Hervochon* court did not award fees to Iona, the purported additional insured, for the actions they commenced against Gotham in federal court, where Gotham disclaimed coverage because Gotham did not place Hennessy or Iona in a defensive posture by the legal steps it took to free itself from its policy obligations. *Id*. at *8.

---

[1] The May 27, 2020 decision stated that the New York Marine Policy provides that if New York Marine defends an insured against a suit and an indemnitee of the insured is named as a party to the suit, New York Marine will defend that indemnitee on certain specific conditions. However, New York Marine agreed to defend NYUHC as an additional insured based on the Additional Insured endorsement contained in the New York Marine Policy, and the foregoing policy provision(s) is not applicable in the instant matter.

4

Moreover, as noted above, the New York Court of Appeals has addressed this issue in *Mighty Midgets*, and found that "such a recovery may not be had in an affirmative action brought by an assured to settle its rights". *Mighty Midgets, Inc.*, 47 NY2d at 21.

The May 27, 2020 Order found that NYUHC is property viewed as in insured who prevailed on the merits after being cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations, because "NYUHC cannot be said to have precipitously initiated or needlessly pursued litigation over the duty to defend" because Nouveau and New York Marine's "sequential denials of a duty to defend NYUHC against the [Underlying Action] effectively forced NYUHC's hand and made litigation over the duty to defend inevitable. May 27, 2020 Order at p. 15.

However as set forth in *Mighty Midgets* and *Hervochon*, a party cannot recover fees for an affirmative action to settle its rights. New York Marine did not place NYUHC in a defensive posture and should not owe NYUHC or HCC the costs of bringing this declaratory judgment action.

**2.      New York Marine is Prohibited From Contributing to NYUHC's Third-Party Action**

HCC further contends that the anti-subrogation doctrine has no application here, where an insurer seeks contribution from a co-insurer for defense costs incurred by a mutual insured. However, HCC omits from its statement, that the contribution sought are for defense costs incurred in a Third-Party Action against New York Marine's Named Insured. New York courts have consistently held that such contribution is prohibited where the party the insurer seeks to recover from is its own insured. *See*, *e.g.*, *Wilk v. Columbia Univ.*, 171 A.D.3d 570, 572, (1st Dep't 2019) (finding that allowing an insured to maintain a claim against an additional insured who was being defended under the same policy would be in violation of the anti-subrogation rule); *Wausau*

5

*Underwriters Ins. Co. v. Gamma USA, Inc.*, 166 A.D.3d 928, 930, (2d Dep't 2018) (finding that contractors were barred from asserting claims against subcontractors who were insured under the same CCIP policy).

Notably, the very cases cited by HCC in support of its position that the anti-subrogation doctrine does not apply to the instant matter specifically found that the anti-subrogation doctrine was not applicable in each case because the party the insurer was seeking to subrogate from was not an insured. For instance, in *Millennium Holdings LLC v. Glidden Co.*, 27 N.Y.3d 406, 416 (2016) the New York Court of Appeals stated that the anti-subrogation rule, "requires a showing that the party the insurer is seeking to enforce its right of subrogation against is its insured, an additional insured, or a party who is intended to be covered by the insurance policy in some other way". 27 N.Y.3d 406, 416 (2016). And where the insurer seeks to enforce its right of subrogation against a party who is not an insured or additional insured, as was the case in *Millennium Holdings LLC*, the anti-subrogation doctrine is inapplicable. *Id*.; *see also*, *White v. Hotel D'Artistes, Inc.*, 230 A.D.2d 657, 658 (1st Dep't 1996) ( "[s]ince Grenadier is not Fireman's insured, Fireman's is not precluded from seeking indemnification to the extent that Fireman's may be required to pay a portion of the eventual settlement or judgment"); *Natl. Union Fire Ins. Co. of Pittsburgh, Pa. v. State Ins. Fund*, 222 A.D.2d 369, 371 (1st Dep't 1995) ("[a]s Liberty Mutual did not insure Regional Scaffolding, and owed it no duty, it should not be deprived of its equitable right of subrogation against third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse") (internal quotes omitted).

The cases offered by HCC found that anti-subrogation rule inapplicable because the insurer in each case was attempting to recover from a party that was not an insured under the insurer's policy. Conversely, here, Nouveau is New York Marine's Named Insured and any funds New York

Marine contributes to NYUHC's Third-Party Action against Nouveau, is certainly in violation of the anti-subrogation doctrine.

Consistent with the anti-subrogation doctrine, and contrary to HCC's assertions, New York courts have not found that an insurer's defense obligations includes affirmative third-party claims. Rather, the cases offered by HCC, such as *Jenel Management Corp. v. Pacific Ins. Co.*, 55 A.D.3d 313 (1st Dep't 2008), were based on a contractual indemnity obligation and not an insurer's duty to defend. While the May 27, 2020 Order found the cases offered by New York Marine on an insurer' duty to fund affirmative claims inapposite, respectfully, the differences in *P.J.P Mech. Corp. v. Commerce & Indus. Ins. Co*., 65 A.D.3d 195 (1st Dep't 2009) from the instant matter does not render the First Department's finding in applicable. In this regard, the *P.J.P Mech. Corp.* Court found that nothing in the policy language at issue there requires the insurer to prosecute affirmative claims or reimburse plaintiff for fees paid to its counsel for such affirmative claims. *Id*. at 199. Similarly here, HCC has not pointed to any provision of the New York Marine Policy which requires New York Marine to fund affirmative claims by any insured.

### III.   CONCLUSION

For the foregoing reasons, Defendant New York Marine respectfully request that its Motion be granted, and that the Court reconsider and Amend the May 27, 2020 Order to find that New York Marine does not have an obligation to fund NYUHC's Third-Party Action against Nouveau, and that the Court award the Defendant such other and further relief as the Court deems just and proper.