UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOUSTON CASUALTY COMPANY,

Plaintiff,

v.

PROSIGHT SPECIALTY INSURANCE COMPANY,

Defendant.

18 Civ. 9574 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On May 27, 2020, this Court resolved a dispute between the parties as to the scope of the duty of defendant New York Marine Insurance Company ("New York Marine") to defend an additional insured, New York University Hospitals Center ("NYUHC"), in state-court litigation. Dkt. 43 ("May 27 Op."). New York Marine first admitted to having such a duty well into this litigation. The Court held that the scope of that duty included payment of legal fees incurred by NYUHC in attempting to establish that duty to defend. *Id.* at 1. Before the Court now is New York Marine's motion for reconsideration. For the reasons that follow, the Court denies that motion.

The facts and procedural history are set out fully in the Court's May 27 Opinion. *See id.* at 1–9. The Court incorporates those here by reference. In brief, Tyler Jadusingh, along with his wife Sheila, brought the underlying state-court action against NYUHC, for injuries sustained when Jadusingh was working on NYUHC-owned premises and was injured by an elevator that fell on him. *Id.* at 2. NYUHC and Nouveau, the company that owned and operated the elevator, had previously entered an agreement under which Nouveau agreed to indemnify NYUHC and obtain an insurance policy for any claims arising out of its operation of elevators on the NYUHC

premises.  *See id.* at 3, 6.  Nouveau obtained that insurance policy through New York Marine.

*Id.* at 6–7.  In the state-court litigation, NYUHC filed a third-party complaint against Nouveau,

the company that operated and repaired the elevator, seeking contribution and indemnification

from Nouveau for any damages suffered by the Jadusinghs, along with a declaratory judgment

that Nouveau had a duty to defend NYUHC.  *See id.* at 3.  Nouveau denied that it had any duty to

defend NYUHC and brought counterclaims against NYUHC.  *Id.* at 4.  The Jadusinghs later filed

a second lawsuit in state court, adding claims against Nouveau and another construction

company.  *See id.* at 4.  The New York State Supreme Court consolidated the two suits.  *Id.* at 5.

In October 2018, plaintiff Houston Casualty Company ("HCC") initiated the present

declaratory judgment action against New York Marine, which was originally assigned to the

Honorable Deborah A. Batts.  *Id.* at 7.  HCC was the insurer for Jadusingh's employer, E-J

Electric, and provided a defense for NYUHC in the underlying litigation.  *Id.* at 7.  HCC alleged

that New York Marine had the primary duty to defend NYUHC, and as such, sought a

declaratory judgment that NYUHC was an additional insured under the New York Marine policy

and that New York Marine had a duty to defend and indemnify NYUHC.  *Id.* at 7–8.  HCC also

sought contribution from New York Marine for the costs it had incurred, including attorneys'

fees, in defending NYUHC.  *See id.* at 8; *see* Dkt. 9 ("Compl.") ¶ 61.  In its answer, New York

Marine, like Nouveau, denied all HCC's claims, including the claim that New York Marine had a

duty to defend.  May 27 Op. at 8.

On August 28, 2019, the parties reported a settlement in principle.  *Id.* at 9.  On October

30, 2019, however, the parties informed the Court that they were unable to agree whether New

York Marine's obligation to pay the defense costs that had been incurred by HCC included the

payment of attorneys' fees.  *Id.*  The parties then filed memoranda of law addressing this issue.

*Id.*  On February 20, 2020, the case was reassigned to this Court.  *Id.*  On May 27, 2020, the

Court issued the May 27 Opinion.  The Court held, with HCC, that New York Marine's duty to

defend included the attorneys' fees HCC had incurred in litigating that duty.

As to the instant motion, on June 10, 2020, New York Marine filed its motion for

reconsideration, Dkt. 45, and a memorandum of law in support, Dkt. 45-5 ("NY Marine Mem.").

On July 1, 2020, HCC filed its memorandum of law in opposition.  Dkt. 50.  On July 22, 2020,

New York Marine filed its reply.  Dkt. 55.

The standard governing motions for reconsideration "is strict, and reconsideration will

generally be denied unless the moving party can point to controlling decisions or data that the

court overlooked."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52

(2d Cir. 2012) (citation omitted); *see also* S.D.N.Y. Local Rule 6.3 (requiring the movant to

"set[] forth concisely the matters or controlling decisions which counsel believes the Court has

overlooked").  Such a motion "is neither an occasion for repeating old arguments previously

rejected nor an opportunity for making new arguments that could have been previously

advanced."  *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see*

*also Goonan v. Fed Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2

(S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite

at the apple.").  Rather, reconsideration is appropriate "only when the [moving party] identifies

'an intervening change of controlling law, the availability of new evidence, or the need to correct

a clear error or prevent manifest injustice.'"  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL*

*Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l*

*Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

The Court's May 27 Opinion focused on the attorneys' fees HCC incurred in establishing New York Marine's duty to defend, including those related to NYUHC's third-party litigation against Nouveau seeking, *inter alia*, a declaratory judgment that Nouveau had a duty to defend. New York Marine does not appear frontally to take issue with the Court's holding that it had such a duty. Instead, in its motion for reconsideration, New York Marine reframes the issue: It now claims that the issue before this Court is whether New York Marine, *going forward*, is required to pay the attorneys' fees and costs for NYUHC's third-party action against Nouveau. NY Marine Mem. at 2–3.

That issue was not previously raised by this litigation. Quite the contrary: HCC filed this suit because Nouveau and New York Marine—confronted with a duty to defend that was readily apparent on the face of the relevant policy, as well as from the underlying agreement between Nouveau and NYUHC—had persistently denied any duty to defend NYUHC in the underlying state-court tort action. As a result, the Complaint sought a declaratory judgment that New York Marine had a duty to defend and indemnify NYUHC in the underlying litigation. *See* Compl. ¶¶ 37–54. The Complaint also seeks damages from New York Marine for "all amounts *paid* by HCC for the defense of NYUHC in the Jadusingh Action," a request for the costs that had been incurred by HCC *in the past*. *Id.* ¶ 61 (emphasis added). The Complaint did not focus on fees incurred after the duty-to-defend issue had been resolved in the litigation before this Court.

After New York Marine accepted that it had a duty to defend NYUHC in the underlying action, the parties turned to the Court for guidance because they were unable to settle as to the attorneys' fees associated with HCC's defense costs. *See* Dkt. 32. As the Court noted in the May 27 Opinion, the parties' original briefing on this point was less than fully pellucid as to which attorneys' fees were the subject of the parties' dispute. *See* May 27 Op. at 10 n.6.

However, the Court stated that the fees at issue assuredly included those NYUHC incurred in state court when seeking to establish New York Marine's duty to defend and, to the extent disputed, those incurred in this litigation.  *Id.*  In the May 27 Opinion, the Court did not address responsibility for the fees, if any, incurred in future litigation between the parties following New York Marine's mid-litigation acknowledgment of its duty to defend, as this issue necessarily had not been presented by the pleadings in this case.  Nor was it clearly raised by the parties' briefs.

As to the fees associated with establishing New York Marine's duty to defend—including those related to the third-party action against Nouveau—the Court reaffirms its prior decision. As the Court explained in the May 27 Opinion, Nouveau and New York Marine's denials of the duty to defend forced HCC to pursue this litigation.  Although HCC affirmatively initiated this litigation, it did so only because Nouveau and New York Marine had "cast [it] in a defensive posture" through the repeated attempts to shirk the duty to defend.  *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 598 (2004).  New York Marine has presented no new facts or data that the Court previously overlooked in its previous holding.  And requiring New York Marine to pay the legal costs for a suit that it and its insured precipitated does not result in a manifest injustice that the Court must correct.

However, the thrust of New York Marine's motion for reconsideration is not that it should not be required to pay costs incurred in litigating its duty to defend, but rather that it cannot be required to cover the costs of NYUHC's third-party action against its insured, Nouveau, *going forward*.  The Court declines to resolve that issue.  Simply put, it would not be proper to do so, because such fees are outside the scope of this litigation.  As discussed, this litigation focused on establishing New York Marine's duty to defend, and the fees HCC had incurred, on NYUHC's behalf, in attempting to do so.  When HCC filed this Complaint, New

5

York Marine had not yet admitted that it had *any* duty to defend NYUHC.  Unsurprisingly, HCC's Complaint did not explicitly seek fees that might be incurred after such a duty was found by the Court or admitted by New York Marine.  If the parties are unable to resolve their differences as to this recently arisen issue, either side is free to file a new lawsuit seeking a declaratory judgment as to whether HCC has the right to recover from New York Marine attorneys' fees incurred on behalf of NYUHC going forward.  The instant decision is without prejudice to either party's right to bring such an action.

The Court's decision not to reach beyond the claims brought in this litigation to address fees incurred *after* the duty to defend was acknowledged is buttressed by the complex questions of state law presented by that question.  The parties did not isolate this question either in their briefing on the motion for reconsideration or in advance of the May 27 Opinion.  In arguing that it is not obligated to provide costs associated with NYUHC's future litigation against Nouveau, New York Marine relies on the anti-subrogation doctrine.  "Subrogation . . . entitles an insurer to 'stand in the shoes' of its insured to seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse."  *Ohio Cas. Ins. Co. v. Transcont'l Ins. Co.*, 372 F. App'x 107, 109–10 (2d Cir. 2010) (alteration in original) (quoting *N. Star Reins. Corp. v. Cont'l Ins. Co.*, 82 N.Y.2d 281, 294 (1993)).  But under the anti-subrogation doctrine, "an insurer has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered."  *Pa. Gen. Ins. Co. v. Austin Powder Co.*, 68 N.Y.2d 465, 468 (1986).  The purpose of this rule is to "prevent[] an insurer from passing its losses to its own insured."  *See Wausau Underwriters Ins. Co. v. Gamma USA, Inc.*, 89 N.Y.S.3d 186, 189 (2d Dep't 2018).  In the context of a third-party action in which an insurer provides coverage to both the third-party plaintiff and defendant, the anti-subrogation rule

operates to "prevent an insurer who provides coverage to *both* sides of a third-party action from recouping from one insured—the third-party defendant—the payment it makes on behalf of another insured—the third-party plaintiff." *Fitch v. Turner Const. Co.*, 671 N.Y.S.2d 446, 449 (1st Dep't 1998) (emphasis in original).

HCC purports to be seeking, from New York Marine, future attorneys' fees associated with NYUHC's third-party action against Nouveau.  New York Marine contends that such fees are barred by the anti-subrogation doctrine because New York Marine insures both NYUHC and Nouveau.  However, it is far from obvious that the anti-subrogation rule applies to the future legal fees that New York Marine seeks to avoid covering.  While the anti-subrogation rule clearly applies in some scenarios that are similar to this, these scenarios are distinct from the circumstances here.  For example, had New York Marine provided for NYUHC's defense in the underlying state-court litigation, and had NYUHC then filed a third-party claim against Nouveau seeking indemnification for its defense, that claim would appear to be barred by the anti-subrogation rule.  That is because New York Marine, having provided the defense, would be the real party in interest seeking to recover from its insured Nouveau the costs incurred by NYUHC, a second insured.  *See, e.g.*, *Pa. Gen. Ins. Co.*, 68 N.Y.2d at 470–72 (anti-subrogation rule barred crossclaim by rental car company against renter, where both were covered by same insurer).  The same would be true if NYUHC had initiated the third-party complaint against Nouveau before New York Marine had accepted its duty to defend.  *See Nat'l Cas. Co. v. State Ins. Fund*, 641 N.Y.S.2d 665, 667–68 (1st Dep't 1996) (anti-subrogation rule barred third-party action that energy company brought against contractor when common insurer initially declined to defend energy company but later paid energy company's legal fees).

However, New York courts have acknowledged that the anti-subrogation rule has some limit in third-party litigation: "[T]he insurer of a third-party plaintiff who does not insure a third-party defendant should be permitted to assert its right of subrogation against that third-party defendant." *Fitch*, 671 N.Y.S.2d at 448 (collecting cases). "This is so even where . . . there may be a co-insurer . . . who insures both the third-party plaintiff and defendant." *Id.* at 449 (collecting cases). Here, HCC, after funding NYUHC's defense, would have been permitted to seek subrogation through NYUHC's third-party suit of Nouveau—despite the New York Marine policy that insures both NYUHC and Nouveau. *See id.* at 448–49 (anti-subrogation rule did not bar third-party action where third-party plaintiff's insurer sought indemnification from third-party defendant, even though third-party plaintiff and defendant were both separately insured by common insurer); *White v. Hotel D'Artistes, Inc.*, 646 N.Y.S.2d 793, 794 (1st Dep't 1996) (same); *Nat'l Union Fire Ins. Co. of Pittsburgh v. State Ins. Fund*, 636 N.Y.S.2d 31, 32–33 (1st Dep't 1995) (same). That is because HCC would not be on both sides of the third-party action; instead, "the insurer [HCC] [would be] seeking payment from an entity [Nouveau] insured *only* by another insurer [New York Marine]." *Fitch*, 671 N.Y.S.2d at 449 (emphasis in original).

This case is factually distinct from each of the above scenarios. Here, HCC has stepped into NYUHC's shoes and is apparently now seeking indemnification and contribution from NYUHC and Nouveau's common insurer New York Marine for attorneys' fees incurred—after New York Marine acknowledged its duty to defend—in NYUHC's third-party action against Nouveau. The question that New York Marine's motion for reconsideration presents is whether the anti-subrogation doctrine would bar HCC from recovering such fees, even though it is not seeking to recover from its own insured. Although the First Department has acknowledged in

8

dicta that this situation could present a potential conflict of interest, *see Nat'l Union Ins. Co.*, 636 N.Y.S.2d at 33, that same court has also stated that "New York law does not distinguish, for purposes of the antisubrogation rule, between subrogation claims brought directly against an insured and claims brought against a common insurer," *N.Y.C. Dep't of Transp. v. Petric & Assocs.*, 19 N.Y.S.3d 48, 49 (1st Dep't 2015) (quoting *Ohio Cas. Ins. Co.*, 372 F. App'x at 112)).

The Court will not wade into this disputed issue of state law. It was not raised in the pleadings. It was not resolved in the Court's May 27 Opinion, which was limited to the open issue, presented by the pleadings, as to responsibility for fees incurred in the course of establishing New York Marine's duty to defend. And it is not properly raised, for the first time no less, on a motion for reconsideration.

For the foregoing reasons, the Court denies New York Marine's motion for reconsideration. As stated in the May 27 Opinion, New York Marine remains responsible for attorneys' fees that were incurred by HCC and NYUHC in seeking to establish the duty to defend NYUHC. The Court does not decide which party is responsible for attorneys' fees incurred in the third-party action following resolution of the duty to defend. If the parties are unable to resolve their differences on that issue, they are at liberty to file a new lawsuit raising that issue, which at all times has been outside the scope of this litigation.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 45. For avoidance of doubt, this case remains closed.

**CONCLUSION**

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: July 28, 2020
        New York, New York