UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOUSTON CASUALTY CO.,

                              Plaintiff,

          -v-

PROSIGHT SPECIALTY INSURANCE CO.,

                              Defendant.

18 Civ. 9574 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received counsels' joint letter asking it to vacate the decisions it rendered in this action on May 27, 2020 (Dkt. 43) and July 28, 2020 (Dkt. 56), on the ground that the parties have reached a tentative settlement agreement requiring the parties to "explor[e] whether this Court would agree to vacate th[os]e decisions." Dkts. 73. The Court declines to vacate those decisions, as the parties' letter does not recite any "exceptional circumstances" that would allow, let alone persuade, the Court to vacate them. *See Aetna Cas. & Sur. Co. v. Home Ins. Co.*, 882 F. Supp. 1355 (S.D.N.Y. 1995); *Clarke v. Castro*, No. 10 CIV. 6330 (HBP), 2013 WL 686680 (S.D.N.Y. Feb. 26, 2013).

To the extent the parties raise any argument along these lines, it is New York Marine's suggestion that the Court erred in holding that litigation costs incurred by Houston Casualty in establishing New York Marine's duty to defend its insured, NYUHC, were recoverable from New York Marine. In its May 27, 2020 decision, the Court carefully considered that argument. The Court held that the exception to the general rule that litigation costs are not recoverable by a winning litigant – applicable where "the policyholder has been cast in a defensive posture by its insurer in a dispute over the insurer's duty to defend," *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21-22 (1979) – applied here. That was because, "from the jump, New York Marine, and its insured, Nouveau, resisted New York Marine's now-conceded duty to defend

NYUHC against the Jadusinghs' claims, and "[i]n these circumstances, notwithstanding its formal status as a plaintiff vis-à-vis Nouveau and New York Marine, NYUHC is properly viewed as an insured who prevailed on the merits after being cast in a defensive posture by the legal steps [the] insurer t[ook] in an effort to free itself from its policy obligations." Dkt. 43 at 14-15 (cleaned up).  And in its July 28, 2020 decision denying New York Marine's motion for reconsideration, the Court refused to consider whether New York Marine had a duty to cover litigation costs later incurred that were outside the scope of this litigation.  Dkt. 56.  New York Marine has not identified any facts or law that would call these decisions into question or otherwise warrant their vacatur.

The Court accordingly denies the request for vacatur.  Notwithstanding the Court's ruling, counsel of course remain at liberty, in the context of settlement, to allocate the costs at issue as they see fit.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: August 16, 2021
        New York, New York

2